Zhao v. Holder

BIA
Bukszpan, IJ
A098 970 592

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand fourteen.

PRESENT:
 JOSÉ A. CABRANES,
 DEBRA ANN LIVINGSTON,
 SUSAN L. CARNEY,
  *Circuit Judges*.

_____

QIONG ZHAO,
  *Petitioner*,

 v.                                          13-788
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
  *Respondent*.

_____

FOR PETITIONER:      Charles Christophe, Christophe Law Group, P.C., New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Qiong Zhao, a native and citizen of China, seeks review of a February 12, 2013 order of the BIA, affirming the April 6, 2011 decision of an Immigration Judge ("IJ"), which pretermitted asylum and denied withholding of removal. *In re Qiong Zhao*, No. A098 970 592 (B.I.A. Feb. 12, 2013), *aff'g* No. A098 970 592 (Immig. Ct. New York City Apr. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

I.   Pretermission of Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither

2

changed nor extraordinary circumstances excusing the untimeliness under § 1158(a)(2)(D). However, we retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D).

Before the agency, Zhao contended that she established extraordinary circumstances because she received an ID card that she did not know was fake. The agency rejected this argument because Zhao knew, or should have known, that her ID card was fake given that she is a sophisticated professional, the ID card stated on both sides that it was a non-U.S. Government issued document, she obtained the card from a room in a little building with a metal gate and a doorbell, and the friend who helped her get it told her not to show it to anyone because most Americans are criminals. On appeal, Zhao's brief fails to acknowledge our jurisdictional limitation and, instead, continues to "quarrel[] over the correctness of the [agency's] factual findings [and] justification for [its] discretionary choice[.]" *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Because she raises no constitutional claim or question of law, we lack jurisdiction to review the pretermission of asylum.

## II. Credibility-Based Denial of Withholding of Removal

For applications such as Zhao's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Initially, the adverse credibility determination was reasonably based on Zhao's inconsistent testimony regarding whether her checkups were mandatory after family planning officials gave her an intrauterine device ("IUD"). *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Zhao testified that she had to attend yearly checkups at the family planning office. When asked how family planning officials failed to discover that her IUD was gone, she testified that she did not have to go every year before reverting to her original testimony that checkups were mandatory. Zhao challenges the existence of this inconsistency, but it is clearly reflected on the record.

4

The adverse credibility determination was also properly based on the inconsistency between Zhao's testimony that she had not previously applied for immigration benefits and fraudulent adjustment application claiming that she was an "artist of extraordinary ability" (Zhao is a nurse). *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency found that Zhao admitted that the signature on the fraudulent adjustment application was hers. Zhao disputes this characterization of the record and claims she was instead referring to her signature on her asylum application. However, the record reflects that Zhao confirmed that the signatures on both the fraudulent adjustment application and her asylum application were hers. *See Siewe v. Gonzalez*, 480 F.3d 160, 168 (2d Cir. 2007) (finding that "support for a contrary inference—even one more plausible or more natural—does not suggest error").

The agency's adverse credibility determination was also properly based on certain implausibilities in Zhao's testimony. She was a trained professional—she worked as a nurse in a government hospital for sixteen years. But she testified that she did not know about the family planning policy's pregnancy permit requirement; she did not know whether her hospital performed abortions; and she thought

5

that her non-U.S. Government ID card had given her asylum. Zhao contends that she adequately explained why she did not know whether her hospital performed abortions:  she worked in the cardiology department.  While that explanation is plausible, the agency was not required to credit it because it would not necessarily be compelling to a reasonable fact-finder.  *Cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Zhao's credibility, the agency reasonably determined that her failure to provide any medical records, fine receipts, or documentary evidence regarding her family planning violations was suspicious and prevented her from rehabilitating her credibility.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) (recognizing that an applicant's failure to corroborate her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question).  We therefore find that the agency's adverse credibility determination is supported by substantial evidence.  *Xiu Xia Lin*, 534 F.3d at 167.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk